PER CURIAM.
 

 J.C. challenges the trial court’s termination of her parental rights after more than four years of efforts at reunification.
 
 [1]
 
 Ultimately, the trial court found that there was clear and convincing evidence supporting the grounds for termination under sections 39.806(l)(c) and (l)(e), Florida Statutes (2007), and that termination was in the manifest best interests of the child. We affirm.
 

 The trial court’s finding that termination of parental rights was supported by clear and convincing evidence enjoys a presumption of correctness and will not be overturned on appeal unless clearly erroneous or lacking in evidentiary support.
 
 N.L. v. Dep’t of Children & Family Servs.,
 
 843 So.2d 996, 999 (Fla. 1st DCA 2003).
 

 Termination of parental rights pursuant to section 39.806(l)(c) requires three evidentiary proofs.
 
 M.H. v. Dep’t of Children & Families,
 
 866 So.2d 220, 222 (Fla. 1st DCA 2004). First, the trial court must find that the child’s life, safety, or health would be threatened by the continued interaction with the parent, regardless of services. Second, irrespective of services, the trial court must find that there is no reasonable basis to believe the parent will improve, and third, that termination of parental rights is the least restrictive means of protecting the child from serious harm.
 

 The Guardian ad Litem (“GAL”) produced evidence from all who evaluated
 
 *170
 
 J.C. that her domestic violence and mental health problems were not resolved. Six mental health experts opined that J.C.’s stability and mental health would require extended and ongoing treatment for years, and that, even if resolved at some future date, her parenting skills would be inadequate to care for the child’s extraordinary needs should the stable environment with her foster parents be severed. Despite the provision of services by the Department of Children and Families (“DCF”), J.C. expended minimal, and very belated, efforts in obtaining psychological treatment and therapy, a key component to reunification. The child testified that she was fearful of her mother who yelled at her and her one-year old brother. The trial court concluded that this fear was attributable to the fact that J.C. and the maternal grandmother continued to yell at each other in the child’s presence. Moreover, not long before the trial court entered its final judgment, another serious incident of domestic violence occurred between J.C. and the maternal grandmother. Despite eighteen individual therapy sessions with J.C., her therapist nevertheless testified that it would take two to three years to determine whether her mental health was stable. The trial court also concluded that reunification was a practical impossibility due to the risk of prospective abuse or neglect, and that terminating her parental rights was the least restrictive means of protecting the child from harm because no prospect for relative placement existed.
 
 See Dep’t of Children
 
 &
 
 Families v. B.B., 824
 
 So.2d 1000 (Fla. 5th DCA 2002).
 

 The trial court also found that, irrespective of a lack of resources, J.C. failed to substantially comply with her case plan in numerous respects. Although she completed some of the case plan requirements by the time of trial, more than four years after DCF sheltered the child, the evidence clearly showed J.C. failed to remedy the problems that caused her child to be sheltered.
 

 The trial court concluded, after evaluating the evidence in light of the factors in section 39.810, Florida Statutes (2007), that termination of parental rights was in the manifest best interests of the child. “[I]t is far better for [this child] to be placed for adoption with a loving and stable family than it is to have [her] remain in foster care any longer awaiting the rehabilitation of [her] parents which will likely never occur.”
 
 Williams v. Dep’t of Health & Rehabilitative Servs.,
 
 648 So.2d 841, 843 n. 2 (Fla. 5th DCA 1995).
 

 AFFIRMED.
 

 GRIFFIN, LAWSON, and COHEN, JJ., concur.
 

 [1]
 

 . The trial court also terminated the father's parental rights, but he did not appeal the final judgment.